IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADARIOUS HAMBRICK | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-cv-01154-C |
| | § | |
| BROOKSHIRE GROCERY COMPANY | § | |
| Defendant | § | JURY TRIAL DEMANDED |

**FIRST AMENDED ORIGINAL COMPLAINT**

Plaintiff Ladarious Hambrick ("Plaintiff"), by and through his attorney, brings this action for damages and other legal remedies from the Defendant's violation of the laws proscribing discrimination based on race, color, and retaliation, stating the following as Plaintiff's claims against Brookshires. ("Defendant," or "Brookshires").

**INTRODUCTION**

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of intentional discrimination based on, race, color, as well as for acts of retaliation, because Plaintiffs engaged in protected activity. Defendants' acts of discrimination and retaliation are in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a et seq.; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.

2. Ladarious Hambrick faced a hostile work environment while working for Defendant due to his race. He was not promoted due to his race. He was terminated due to his race and in retaliation for complaining to the Brookshires HR department about racial discrimination.

3. Plaintiff demands a trial by jury.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (and (ii) under 42 U.S.C. § 2000e, et seq., as amended, 42 U.S.C. § 1981 et seq., as amended and 42 U.S.C. § 1981a et seq., as amended.

5. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), inasmuch as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that the Defendant maintains offices, conducts business, and resides in this district, and a substantial portion of the acts that make up the basis of the complaint occurred within this judicial district.

6. Plaintiff received a right-to-sue letter from the EEOC on January 15, 2015. This Complaint is being filed within the 90 days allowed by that letter.

## PARTIES

7. Defendant Brookshire Grocery Company is a Texas corporation with a principal place of business located at 1600 WSW Loop 323 Tyler, TX 75701. Their registered agent for service is Russell W. Cooper who can be served at the same address.

8. Plaintiff Ladarious Hambrick is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, an African-American citizen of the United States of America and is a resident of the State of Texas.

## FACTS

9. Throughout his employment Hambrick has been subjected to racial slurs used by White employees to harass and degrade minorities.

10. For example, a manager named Joy Lockston has referred to Hambrick as "homeboy", a derogatory term for being black.

11. A manager named Steve Lawless asked Ladarious if he wanted to buy collared greens and if he had chitlins, watermelon, and pigs feet for Thanksgiving.

12. A Brookshires employee named Andy Tarrant told Ladarious to go buy chicken because it was on sale.

13. A manager named Phillip Day bragged to coworkers about having connections and family members involved in the KKK and Arian Circle.

14. Phillip regularly singled out Ladarious for harassment and abuse. Phillip would make racist jokes around Ladarious on a near constant basis.

15. He made jokes about racist stereotypes such as blacks loving chicken and watermelon.

16. Ladarious was often called lazy by management and criticized for intangibles such as his work ethic.

17. This continuous and pervasive racial discrimination created a hostile work environment for Plaintiff.

18. In one instance Ladarious told Phillip that he did not like the way Phillip spoke to him. Phillip then tried to fire Ladarious.

19. Joy Lockston tried to get Ladarious to sign documents stating that Ladarious agreed the reasons he was being fired were his fault. Ladarious refused to sign the documents.

20. Ladarious tried to speak to the in-store management about the situation but they made it clear that they would not do anything to address the situation.

21. Ladarious had to call Brookshires HR department.

22. Ladarious complained to HR about Phillip's racist motivations for trying to fire him.

23. HR did an investigation and interviewed employees of the store.

24. However, HR did not focus on racism despite that being the nature of the complaint made by Ladarious.

25. The investigation ended with Phillip being terminated due to cuss words being used by the night crew, not because of his harassment of Ladarious.

26. After making the complaint to HR Ladarious faced increased harassment by the management of Brookshires in attempt to make him leave voluntarily.

27. Paul Deberry said he would get a write up if he didn't work harder. Joy Lockston said he was "skating on thin ice".

28. Ladarious was later fired after trying to get a promotion to work in a different Brookshires location.

29. Ladarious was never promoted within the Kaufman Brookshires despite applying for management positions.

30. He was told he wasn't ready by Paul DeBerry despite working in the store for approximately seven.

31. When Ladarious told DeBerry that he spoke with another store manager in Terrell DeBerry told Ladarious that "he wasn't ready to let him go."

32. Ladarious told DeBerry that he wanted to transfer stores to be closer to his family.

33. Ladarious was told by DeBerry that family is not an excuse to transfer stores.

34. A manager position came up in the Kaufman store. Ladarious applied but wasn't given an interview.

35. Ladarious was given an interview in the Terrell Brookshires store six months later.

36. The interview went well but Ladarious did not get the position; however, the Terrell store director encouraged Ladarious to apply for a manager position that came open later. Ladarious applied and was given and interview that Saturday.

37. The interview went well.

38. Ladarious was fired from the Kaufman Brookshires the following Tuesday.

39. On information and belief, Ladarious was fired in an effort to prevent him from getting a management position at a different store due to his race.

40. Ladarious was targeted by the management of Brookshires due to being black and because Ladarious had called in Brookshires HR to deal with harassment from Phillip.

41. He was always given harder work and punished more severely than other white employees.

42. Members of management were directed to help remove Ladarious from the company.

43. A manager named Harris asked if "the lazy N*****" was still employed at Brookshires and to help get rid of him if he was.

44. Paul DeBerry threatened a manager with his job if he did not fire Ladarious.

## RESPONDEAT SUPERIOR

45. Wherever in Plaintiff's Complaint it is alleged that the Defendant did any act or thing, it is meant that, amongst other things, the Defendant, itself or its agents, officers, servants, employees or representatives did such act or thing and such was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment with Defendant.

## CAUSES OF ACTION

<u>Title VII and 42 U.S.C. § 2000e et. seq. of the Civil Rights Act of 1964,</u>

<u>as amended and 42 U.S.C § 2000e et. seq.</u>

46. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47. The conduct alleged herein violates Title VII and 42 U.S.C. § 2000e et. seq as Defendant has engaged in the practice of discrimination and retaliation against the Plaintiffs named herein who have asserted such claims. Defendant discriminated against Plaintiff on the basis of race, created a hostile work environment for Plaintiff, failed to promote Plaintiff due to his race, and treated Plaintiff differently than other employees based on his race. When Plaintiff complained of this racial discrimination he was

retaliated against. Plaintiff is a member of a protected class and Defendant is an employer under the meaning of the act.

48. Plaintiffs' requests for relief are set forth below.

### 42 U.S.C. §1981

49. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

50. The conduct alleged herein violates Section 1981 of the United States Code as the Defendant has engaged in the practice of discrimination and retaliation against the Plaintiff. Defendant discriminated against Plaintiff on the basis of race, created a hostile work environment for Plaintiff, failed to promote Plaintiff due to his race, and treated Plaintiff differently than other employees based on his race. When Plaintiff complained of this racial discrimination he was retaliated against. Plaintiff is a member of a protected class and Defendant is an employer under the meaning of the act.

51. Plaintiff's requests for relief are set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

- A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a et seq.; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.
- All damages that Plaintiff has sustained, general and special damages for lost compensation, emotional distress, humiliation, embarrassment, and anguish.
- Exemplary and punitive damages in an amount commensurate with Defendant's

ability and as to deter future malicious, reckless, or intentional conduct.

- An award of Plaintiff's costs and disbursements incurred in connection with the action, including reasonable attorney's fees, expert witness fees, and other costs,

- Prejudgment and postjudgment interest as provided by law,

- Granting Plaintiff all future relief as the Court finds necessary and proper.

        Respectfully submitted,

        Lovins Trosclair, PLLC

        By: /s/ Brad Thomas
        Brad Thomas
        State Bar No. 240067901
        302 N. Market St. Ste. 501
        Dallas, Texas 75202
        Telephone:   (214) 484-1930
        Fax:              (214) 276-1475
        brad@ltlegalteam.com
        ATTORNEYS FOR PLAINTIFF
        LADARIOUS HAMBRICK